GLD-057                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4124
_____

IN RE:  CLIFTON THOMPSON BEY,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 10-cv-00975)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 2, 2010

Before:  AMBRO, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed:  December 15, 2010)
_____

OPINION
_____

PER CURIAM

On May 6, 2010, petitioner Clifton Thompson Bey, a federal prisoner proceeding

pro se, petitioned the United States District Court for the Middle District of Pennsylvania

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary

proceeding that resulted in, inter alia, the disallowance of 27 days good conduct time and

the forfeiture of 36 days non-vested good conduct time.  On May 21, 2010, the District

Court granted Thompson Bey's motions for leave to proceed in forma pauperis and to

amend the petition, and issued an order directing respondent to show cause within 21 days as to why Thompson Bey's habeas petition should not be granted. Respondent complied by filing a timely response. Thompson Bey's traverse followed on June 30, 2010, and his § 2241 petition is ripe for disposition. With no action having been taken on his petition, Thompson Bey filed a motion to expedite on September 30, 2010. That motion remains pending at this time. On October 25, 2010, Thompson Bey petitioned this Court for a writ of mandamus, requesting an order compelling the District Court to act upon his habeas petition.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although a District Court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), a federal appellate court "may issue a writ of mandamus on the ground that [the District Court's] undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

We recognize that more than five months have elapsed since the time Thompson Bey's habeas petition became ripe for disposition. We further note that Thompson Bey's projected release date -- via good conduct time -- is currently set for March 7, 2011, and that his petition, if successful, would entitle him to an earlier release. As in Madden, where we described a delay of nearly five months in acting on a petition for a writ of

2

habeas corpus as "of concern," 102 F.3d at 79, a delay of this length is somewhat troubling in the instant case. Thus, there is some cause for concern here. However, the delay does not warrant mandamus relief and we are confident that the District Court will rule on Thompson Bey's pending § 2241 petition without undue delay. The petition for a writ of mandamus is therefore denied, but without prejudice to Thompson Bey's filing a new petition for a writ of mandamus should the District Court fail to act expeditiously in this matter.